IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRACI R. COX                                                                    PLAINTIFF

v.                                            CIVIL NO. 21-cv-5050

ANDREW SAUL, Commissioner                                      DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Traci R. Cox, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.    Procedural Background

Plaintiff protectively filed her applications for DIB and SSI on April 23, 2018. (Tr. 10). In her applications, Plaintiff alleged disability beginning on October 14, 2008, due to: kidney stones, fibromyalgia, high blood pressure, high cholesterol, back and neck pain, Meniere's disease, endometriosis, migraines, interstitial cystitis, tachycardia.  (Tr. 10, 319). An administrative hearing was held on January 27, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 10, 33-69). At the hearing, Plaintiff amended her alleged onset date to April 15, 2017, which Plaintiff confirmed in her post-hearing brief. (Tr. 10, 38–41, 471).

1

On March 25, 2020, the ALJ issued an unfavorable decision. (Tr. 10-22). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: fibromyalgia, nephrotic syndrome, myalgia/myositis, asthma, moderate arthritic changes of the cervical spine, dizziness, anxiety, and depression. (Tr. 13–14). The ALJ found Plaintiff had medically determinable but nonsevere impairments of hypertension, hyperlipidemia, gastroesophageal reflux disease, overweight, insomnia, tachycardia, migraine headaches, mild degenerative disc disease of the thoracic spine, and plantar fasciitis. *Id*. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14–15). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except no concentrated exposure to dust, fumes, or other pulmonary irritants; due to dizziness, no hazards to avoid such as ladders, ropes, scaffolds, moving mechanical parts, unprotected heights, deep water, and open flames; unskilled work with social interaction that is brief and superficial.
> (Tr. 15–20).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform any of her past relevant work, but would be able to perform the representative occupations of courier, packing line worker, or cashier. (Tr. 20–21). The ALJ found Plaintiff was not disabled from April 15, 2017, through the date of her decision. (Tr. 21). Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on January 7, 2021. (Tr. 1–4). Subsequently, Plaintiff filed this action. (ECF No. 2). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). Both parties have filed appeal briefs. (ECF Nos. 14, 15). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.      Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.    Discussion

Plaintiff raises the following on appeal: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred in assessing the credibility of Plaintiff's subjective complaints; and 3) whether the ALJ erred in her RFC assessment as it was unsupported by examining or treating source opinion evidence, did not meet the specificity requirements of SSR-96-8p and/or erred in hypotheticals and utilization of VE testimony which conflicted with the Dictionary of Occupational Titles. (ECF No. 14).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*,

390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

The ALJ considered the state agency consultants opinions — that Plaintiff could perform medium work and that her mental impairments were nonsevere — and found they were unpersuasive in light of additional medical evidence submitted at the hearing level and testimony. (Tr. 19). Dr. Charles Mill's opinion was found unpersuasive as he did not provide a clear opinion regarding Plaintiff's ability or limitations. *Id*. Valerie Perry, LCSW, submitted a mental RFC assessment which the ALJ considered, but found unpersuasive. *Id*. Renetta Nichols, NP completed a physical RFC assessment which the ALJ also found unpersuasive. *Id*. While the ALJ did have medical opinion evidence available to her, she found each piece of opinion evidence unpersuasive, leaving her with no opinion evidence regarding Plaintiff's RFC. (Tr. 19). While an ALJ is under no specific duty to procure an RFC assessment from each treating physician, the ALJ must base her opinion on some medical evidence that addresses Plaintiff's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d at 1092; *See Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002) (court may remand for taking of further evidence where ALJ fails to develop record fully); and, *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir.2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision).

The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's RFC. On remand, the ALJ is directed to obtain RFC assessments from the Plaintiff's treating physicians, allowing the treating physicians the opportunity to provide an explanation for the limitations assigned should the ALJ have questions. If those physicians are unwilling or otherwise unable to complete the RFC assessments, then the ALJ is directed to order a consultative examination, complete with a detailed RFC assessment of the Plaintiff's limitations. The ALJ should then reassess the Plaintiff's RFC, taking into account all of her impairments, and conduct a thorough step four and, if necessary, step five analysis.

## IV.    Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 24th day of March 2022.

/s/ Christy Comstock
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE